UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| TONY PAYTON, JR., | : | |
|     Plaintiff, | : | CASE NO. 3:24-cv-1922 (MPS) |
| | : | |
| v. | : | |
| | : | |
| ZEIMET, | : | |
|     Defendant. | : | DECEMBER 19, 2024 |
| | : | |

**INITIAL REVIEW ORDER**

The plaintiff Tony Payton, Jr., a sentenced inmate incarcerated at Carl Robinson Correctional Institution, filed this case under 42 U.S.C. § 1983 naming one defendant, Correctional Officer Zeimet. The plaintiff alleges that, while he was confined at Corrigan Correctional Center, Officer Zeimet used excessive force against him. He seeks damages only.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless of whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis.*

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the Court orders as follows.

I.    **Allegations**

While the Court does not set forth all of the facts alleged in the plaintiff's Complaint (ECF No. 1-1), it summarizes his basic factual allegations here to give context to its ruling below.

On September 26, 2023, the plaintiff was confined in F-Block at Corrigan Correctional Center. *Id.* at 4. While he was getting some hot water during the recreation period, a facility code was called, and staff ordered a recall. *Id.*

Officer Zeimet left the officer's bubble and approached the plaintiff in "an aggressive manner" while screaming at him. *Id.* Officer Zeimet grabbed the plaintiff's hands "assaulting [him] physically multiple times" and squeezed the plaintiff's hands, forcing him to pour out the hot water from his cup. *Id.* at 4-5. The hot water burned the plaintiff's leg. *Id.* at 5.

The plaintiff immediately yelled at Officer Zeimet, stating "don't ever touch me again and get your hands off me." *Id.* Officer Zeimet released the plaintiff's hands but then grabbed him again and snatched the plaintiff's cups from his hand. *Id.*

Officer Zeimet called a code, and the plaintiff was sent to restrictive housing. *Id.* A lieutenant reviewed the surveillance footage and found Officer Zeimet "in the wrong." *Id.* The plaintiff was then released from restrictive housing. *Id.*

II.   **Discussion**

The plaintiff asserts a claim for use of excessive force. To state a claim for use of excessive force in violation of the Eighth Amendment, the plaintiff must allege facts establishing objective and subjective components. *See Sims v. Artuz*, 230 F.3d 14, 20–21 (2d Cir. 2000). The objective component focuses on the harm done to the inmate in light of

contemporary standards of decency. The amount of harm required depends on the nature of the claim. Although some degree of injury is usually required, the prisoner need not show that he suffered a significant injury to state a claim for use of excessive force. *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) ("[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992))); *see also Mustafa v. Pelletier*, No. 22-2187, 2023 WL 7537625, at *2 (2d Cir. Nov. 14, 2023) ("The core judicial inquiry with respect to the objective component does not concern the relative level of injury sustained but rather 'the nature of the force—specifically, whether it was nontrivial,' and with respect to the subjective component depends on whether it 'was applied maliciously and sadistically to cause harm.'" (quoting *Wilkins*, 559 U.S. at 39)). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 9); *see Goode v. Salias*, No. 3:24-CV-1010(KAD), 2024 WL 3718268, at *3 (D. Conn. Aug. 8, 2024) ("harm done" must be "objectively serious enough to violate Plaintiff's constitutional right to be free from such harm"); *Chambliss v. Rosini*, 808 F. Supp. 2d 658, 667 (S.D.N.Y. 2011) ("the court must ask whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation" (quoting *Wright v. Goord*, 554 F.3d 255, 269 (2d Cir. 2009) (internal quotation marks omitted))). The subjective component of the excessive force standard requires a showing that force was used "maliciously and sadistically" and not as part of a "good faith effort to maintain or restore discipline." *Wilkins*, 559 U.S. at 40 (citation and internal quotation marks omitted).

      The plaintiff does not allege that he suffered any injury from Officer Zeimet grabbing his

3

hands; he was injured instead by the hot water. The plaintiff describes the incident in several slightly different ways. In the Complaint he alleges that Officer Zeimet grabbed and squeezed his hands, forcing him to pour out the hot water from his cup. He alleges that the hot water burned his leg. In an attached grievance, the plaintiff states that when Officer Zeimet forced him to pour out the water, it spilled on his leg. ECF No. 1-1 at 11. In an attached letter dated November 12, 2023, the plaintiff states that "the extremely hot water didn't pour out into the fountain; but instead spilled all over [his] leg burning [him]." ECF No. 1-1 at 13-14.

The plaintiff does not allege that he suffered any lasting injury or that he required medical attention for the burn. Thus, it is not clear that he suffered an injury sufficient to support a claim for excessive force. The materials appended to the complaint suggest that Officer Zeimet intended only to pour the water from the cup, not to pour it on the plaintiff. Thus, it does not appear that Officer Zeimet acted maliciously and sadistically in causing the water to spill on the plaintiff's leg. The Court concludes that, as alleged, the complaint fails to state a plausible claim for use of excessive force.

### III. Conclusion

The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). If the plaintiff wishes to attempt to replead his claim to address the deficiencies identified in this Order, he may file an Amended Complaint by January 20, 2025. **An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original complaint in evaluating any Amended Complaint.** The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process. If the Court receives no response from the plaintiff within thirty days from the date of

this Order, the Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 19th day of December 2024 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge